USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT _________________________ No. 96-1026 UNITED STATES OF AMERICA, Appellee, v. ERIC JOEL CARRION-CRUZ, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Jose Antonio Fuste, U.S. District Judge] ___________________ ____________________ Before Selya and Boudin, Circuit Judges, ______________ and McAuliffe,* District Judge. ______________ ____________________ Benicio Sanchez-Rivera, Federal Public Defender, and Juan E. ______________________ _______ Alvarez, Assistant Federal Public Defender, on brief for _______ appellant. Guillermo Gil, United States Attorney, Jose A. Quiles- ______________ __________________ Espinosa, Senior Litigation Counsel, and Miguel A. Pereira, ________ ___________________ Assistant United States Attorney, on brief for the United States. ____________________ August 7, 1996 ____________________ Per Curiam. Defendant-appellant Eric Joel Carrion-Cruz Per Curiam. __________ pled guilty to violating the carjacking statute, 18 U.S.C.  2119(3). At the disposition hearing, the district court departed upward from the guideline sentencing range to impose a sentence of life imprisonment.1 Carrion-Cruz assigns error to the upward departure. We have carefully examined the transcript of the disposition hearing, the presentence investigation report, and the briefs. Since we are persuaded that the assignment of error lacks merit, we summarily affirm. See 1st Cir. R. 27.1. We add ___ only four brief comments. First: U.S.S.G. 5K2.0 allows sentencing courts to _____ depart from the guideline sentencing range in a given case if the court finds aggravating or mitigating circumstances that render the case atypical and take it out of the "heartland" for which the applicable guideline was designed. See United States v. ___ ______________ Quinones, 26 F.3d 213, 216 (1st Cir. 1994); United States v. ________ ______________ Rivera, 994 F.2d 942, 946 (1st Cir. 1993); United States v. Diaz- ______ _____________ _____ Villafane, 874 F.2d 43, 49 (1st Cir. 1989), cert. denied, 493 _________ _____ ______ U.S. 862 (1989). Here, the multiple killings for which the defendant was responsible murdering four individuals (two of whom were good samaritans who had stopped to offer assistance) within an abbreviated time frame transport the defendant's  ____________________ 1In effect, the court raised the defendant's offense level by three levels (from 40 to 43). Even for a first-time offender, Offense Level 43 commands a sentence of life imprisonment. See ___ U.S.S.G. Ch. 5, Pt. A (Sentencing Table). 2 activities well outside the mine-run of carjacking cases. See ___ U.S.S.G. 5K2.1 (encouraging courts to consider upward departure from the otherwise applicable guideline sentencing range if the relevant offense conduct results in multiple deaths). Second: The defendant points to his youth and limited ______ intellect as mitigating factors. But his counsel made much the same argument below, and the district judge specifically commented upon these factors in passing sentence and took full account of them. Given the sentencing court's special coign of vantage, see Diaz-Villafane, 874 F.2d at 49, we cannot brush ___ ______________ aside that court's considered judgment on so interstitial a matter. Third: The defendant's challenge to the reasonableness _____ of the upward departure is unavailing. Offense Level 40 permits sentences of up to 365 months for first offenders. The magnitude of the ensuing departure to a life sentence (Offense Level 43) is reasonable, considering the sordid facts of the case. See, e.g., Quinones, 26 F.3d at 218 (explaining that "unusually ___ ____ ________ brutal, cruel, and degrading treatment" of victims "is emblematic of the very sort of sociopathic behavior" that will sustain a substantial upward departure). The departure here meets any conceivable test of reasonableness. See, id. at 219-20 ___ ___ (upholding 60% increase as reasonable); Diaz-Villafane, 874 F.2d ______________ at 52 (upholding departure that more than doubled defendant's sentence as reasonable).  Fourth: Relatedly, the Supreme Court's recent opinion ______ 3 in Koon v. United States, 64 U.S.L.W. 4512 (U.S. June 13, 1996), ____ _____________ makes it clear that we must respect a district court's special competence in sentencing matters, see id. at 4516-17, and uphold ___ ___ a departure sentence unless the court has abused its discretion, see id. at 4517. In light of the stark facts of this brutal ___ ___ crime, a convincing case of discretion abused simply cannot be mustered. We need go no further.2 The Supreme Court has instructed us that "it is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence." Williams v. ________ United States, 503 U.S. 193, 205 (1992) (citation and internal _____________ quotation marks omitted). In essence, the defendant invites us to contravene that precept. On these facts, we have no reason to take so precipitous a step. Affirmed. ________  ____________________ 2Because the upward departure is fully justified by the incidence of multiple deaths, we need not address the sentencing court's alternative justifications for the sentence. 4